

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-96,609-01

**EX PARTE MARSHALL MORENO, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-01-303571-A IN THE 403RD DISTRICT COURT
### TRAVIS COUNTY

*Per curiam*.  YEARY, J., dissented.

## O P I N I O N

Applicant was charged by a three-count indictment with aggravated sexual assault of a child (count 1), indecency with a child by contact (count 2), and indecency with a child by exposure (count 3).  Following a jury trial, Applicant was found guilty of all three offenses and was sentenced to thirty-six years' imprisonment on count 1, twelve years' imprisonment on count 2, and six years' imprisonment on count 3.  The Third Court of Appeals affirmed his convictions.  *Moreno v. State*, No. 03-03-00527-CR (Tex. App.—Austin Mar. 10, 2005) (not designated for publication).  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the new evidence of the complainant's recantation establishes that

he is actually innocent and that the State violated his due process rights when it presented false testimony. The trial court conducted a live evidentiary hearing, at which the complainant testified. The trial court found the complainant's recantation credible and recommends that the Court grant Applicant relief based on actual innocence and false evidence grounds. The record supports the trial court's findings and recommendation.

Relief is granted. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002); *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009). The judgments in cause number 3013571 in the 403rd District Court of Travis County are set aside, and Applicant is remanded to the custody of the Sheriff of Travis County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: November 20, 2025
Do not publish